# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

| | | |
|---|---|---|
| **DANIEL BREEN**, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR VIOLATION** |
| | ) | **OF FEDERAL FAIR DEBT** |
| vs. | ) | **COLLECTION PRACTICES ACT** |
| | ) | |
| **DELLWO, ROBERTS & SCANLON AND PORTFOLIO RECOVERY ASSOCIATES, LLC,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, Daniel Breen ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of King, and City of Auburn.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Dellwo, Roberts & Scanlon ("DRS") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. DRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Portfolio Recovery Associates, LLC, ("PRA") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than DRS.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than DRS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than DRS.

13. DRS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. PRA purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. PRA acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. PRA is thoroughly enmeshed in the debt collection business, and PRA is a significant participant in DRS's debt collection process.

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

17. Defendant DRS, itself and on behalf of Defendant PRA, sent Plaintiff initial written communication dated February 5, 2010.

18. In said letter, Defendant DRS stated the following, in relevant part:

    a. "PLEASE TAKE NOTICE that this firm has been retained for the purpose of corresponding with you regarding the above referenced debt."

    b. "PLEASE ALSO TAKE NOTICE that if full payment is not made within thirty (30) days by check made payable to our firm, then our client may consider commencing suit to collect said debt.  If a suit is commenced, we will seek the amount owed together with interest and all applicable court costs."

    c. "Naturally, it would benefit all parties concerned if litigation could be circumvented.  Please contact me to make payment arrangements <u>immediately</u>." (emphasis in original).

19. Defendant DRS failed to notify Plaintiff that at the time the aforementioned letter was drafted, no attorney at Defendant's firm had meaningfully reviewed the facts and circumstances attendant to the alleged debt at issue, when, upon information and good-faith belief, no such review had taken place, and thus Defendant misrepresented to Plaintiff the level of meaningful

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

attorney involvement in the collections activity, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10).

20.     Defendant DRS further implied and represented in said letter that it intended to pursue litigation against Plaintiff, and to date, has failed to file a suit in support of such representations, and as such, the threats were empirically not intended to be taken, and are thus in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10)).

21.     Defendant DRS's implications and representations to Plaintiff that it intended to file suit, when combined with Defendant's further representation that in order to circumvent litigation, Plaintiff should contact Defendant "immediately," within the thirty (30) day dispute period, served to overshadow and were inconsistent with the disclosures required pursuant 15 U.S.C. §§ 1692g(a) *et seq.*, in violation of 15 U.S.C. § 1692g(b).

22.     The last paragraph of the letter went on to state as follows:

"THIS LETTER IS BEING SENT TO YOU FOR THE PURPOSE OF COLLECTING A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  UNLESS WITHIN THIRTY DAYS AFTER THE DATE OF THIS LETTER YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID. IF YOU NOTIFY THE UNDERSIGNED IN WRITING WITHIN THIRTY DAYS FROM THE DATE OF THIS LETTER THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, THE UNDERSIGNED WILL OBTAIN VERIFICATION OF THE DEBT AND A COPY OF THAT VERIFICATION WILL BE SENT TO YOU." (emphasis added).

23. In this statement, Defendant DRS misrepresented to Plaintiff that the thirty (30) day dispute period begins upon the *date of the letter*. The thirty day dispute period to which Defendant refers begins upon Plaintiff's *receipt* of the letter, and thus the statement is in violation of 15 U.S.C. §§ 1692g(a)(3) and 1692e(10).

24. After having received a written communication from Plaintiff via certified mail on February 22, 2010 disputing the debt and demanding validation thereof, Defendant DRS continued to contact Plaintiff without having first provided validation of the debt, in further violation of 15 U.S.C. § 1692g(b).

25. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

embarrassment, mental aguish and/or emotional distress.

### COUNT I—VIOLATIONS OF THE FDCPA
### DEFENDANT DRS

26.  Plaintiff repeats and re-alleges each and every allegation above.

27.  Defendant DRS violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that DRS violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF THE FDCPA
### DEFENDANT PRA

28.  Plaintiff repeats and re-alleges each and every allegation above.

29.  Defendant PRA violated the FDCPA as detailed above.

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that PRA violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 27th day of October, 2010.

s/Jon N. Robbins
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com